(R.D. 11317)

PANATION TRADE CO. *v.* UNITED STATES

Entry No. 42784, etc.

(Decided June 13, 1967)

*Barnes, Richardson & Colburn* for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

(1) That the involved merchandise consists of cigarette lighters exported from Japan after the effective date of Sec. 2 of the Customs Simplification Act of 1956 (T.D. 54165); that the involved merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521) and that appraisement was accordingly made under section 402 of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

(2) That the merchandise and the issues herein are similar in all material respects to those involved in *W. J. Byrnes & Co. of N.Y. Inc.* v. *United States,* 46 Cust. Ct. 719, Reap. Dec. 10032, and that the record in the said cited case may be incorporated herein.

(3) That on or about the dates of exportation of the involved merchandise, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit ex-factory prices, plus, when not included in such prices, the cost of packing as invoiced.

(4) That the appeals enumerated in Schedule "A" annexed may be submitted for decision upon this stipulation and upon the incorporated record, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and hold that such statutory values for the involved merchandise are the invoice unit ex-factory prices, plus, when not included in such prices, the cost of packing as invoiced.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.